UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 09-130-P-H |
| | ) | |
| ALVIN C. HARDY, | ) | |
| DEFENDANT | ) | |

**ORDER DENYING MOTION TO EVALUATE FOR DANGEROUSNESS**

The federal criminal code provides a procedure for civil commitment of a defendant in custody who, because of mental disease or defect, would create a substantial risk of injury to the person or property of another if released. The procedure is available under three conditions:

(1) the defendant's "sentence is about to expire";

(2) the defendant has been found incompetent to stand trial and has been committed to the Attorney General's custody for hospitalization to determine whether he will regain competency or for treatment to restore competency (18 U.S.C. § 4241(d) procedure); or

(3) "all criminal charges have been dismissed [against him] solely for reasons related to [his] mental condition."

18 U.S.C. § 4246(a).[1]  The first step in the procedure is a certificate from "the director of a facility in which [the defendant] is hospitalized" attesting to his dangerousness and the unavailability of suitable state custody and care.  Id.[2] That certificate is to be filed, not in the prosecuting district, but in the district where the "person is confined."  Id.  The court of that district then holds a hearing on the matter and can order additional psychiatric or psychological examinations and reports as necessary before determining whether civil commitment is appropriate.  Id. § 4246(a)-(b).

---

[1] 18 U.S.C. § 4246(a) provides:
> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

[2] The centrality of the Bureau of Prisons' hospital facility director is clear from the legislative history:
> Subsection (a) of section 4246 places responsibility in the director of the facility in which a person is hospitalized and whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all charges have been dismissed for reasons related to the mental condition of the person, to determine preliminarily whether the defendant should be released.

S. REP. NO. 98-225, at 251 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3433. See generally United States v. Baker, 807 F.2d 1315, 1320-24 (6th Cir. 1986).

In this prosecution, I previously found the defendant Alvin C. Hardy incompetent to stand trial in this district and committed him to the custody of the Attorney General for hospitalization under § 4241(d).  He was assigned to the Federal Medical Center in Butner, North Carolina ("FMC Butner") for treatment.  After a time, FMC Butner reported that he had regained competency and filed a certificate to that effect under § 4241(e).  At the subsequent competency hearing, I found that Hardy still was incompetent (he had fallen off the medications prescribed at FMC Butner) and later granted a joint motion to return Hardy to FMC Butner for further treatment under § 4241(d).  Because he had filed notice that he might pursue an insanity defense, I also directed FMC Butner to conduct an 18 U.S.C. § 4242 evaluation of his mental status as of the time of the alleged crimes.  Order on Joint Mot. for Restoration and Examination (Docket Item 59).  Hardy then returned to FMC Butner for further treatment and both evaluations.  FMC Butner thereafter certified that "at the time of the alleged offense, Mr. Hardy was unable to understand the nature, quality, and wrongfulness of his actions."  It also certified that he had once again regained competency to stand trial.  This time, at the subsequent hearing, I found that he had regained competency to stand trial.  Now he is back in this district, in pre-trial custody, awaiting trial.

At this point, the government asks me to send Hardy back to a prison hospital (FMC Butner) yet again, to request an evaluation of dangerousness under § 4246, the first step in the civil commitment procedure.  Mot. to Evaluate for Dangerousness (Docket Item 76).  The government agrees that the

3

first of the three qualifying conditions for such an evaluation (a sentence about to expire) does not apply, but argues that both of the other conditions do apply. Id. at 5. Specifically, it contends that because I *previously* committed Hardy under § 4241(d), the second condition is satisfied. Id. at 7. Alternatively, it states that the third condition is satisfied because it is considering dismissing the criminal charges against Hardy due to his mental condition, but wants first to know whether that is likely to result in release or civil commitment for dangerousness. Id. at 6; Reply in Support of Mot. to Evaluate at 5 (Docket Item 80).

The defendant objects, arguing that I have no authority to send him back to FMC Butner for a further evaluation now that I have found him competent and he is ready to stand trial. Resp. in Opp'n to Mot. to Evaluate for Dangerousness at 9 (Docket Item 78).[3]

I held oral argument on March 11, 2011, with the defendant present.

## ANALYSIS

I conclude that I do not have authority to order Hardy back to FMC Butner for a dangerousness evaluation under the second condition. The government's reading—that the phrase "has been committed" includes those who have ever *previously* been committed—is not a reasonable reading of the statute. It would mean that once a defendant was found incompetent to stand

---

[3] The defendant has also filed a motion to suppress statements made to medical providers, arguing that they are privileged. Mot. to Suppress Invoking Psychotherapist Privilege (Docket Item 75). The parties have agreed that I should defer hearing or ruling on suppression until I decide this motion.

4

trial and committed for treatment, forever after he would be subject to re-hospitalization at any time for a dangerousness evaluation. I see no reason to read the statute so broadly, although I recognize that the government has language from one case to support its argument.[4] Instead, I conclude that the logical reading of the statute is that it applies to defendants who have been committed to, and still remain in, custody for the § 4241(d) treatment, not forever thereafter.

The question of my authority under the third condition is more difficult. On the one hand, the criminal charges against Hardy definitely have *not* been dismissed; they are still pending, and there is no government undertaking of any sort to dismiss them. The fact that the government is *considering* dismissing the charges does not satisfy the clear wording of the statute. On the other hand, the government argues that it is inconsistent with the thrust of the statute (designed to protect the public from a defendant who is dangerous on account of mental disease or defect) to require dismissal of the charges

---

[4] In United States v. Godinez-Ortiz, 563 F.3d 1022, 1031-32 (9th Cir. 2009), the Ninth Circuit said: "[N]owhere does § 4246 state that the director's certificate must be filed during the person's commitment under § 4241 or before the § 4241(d) evaluation period ends," and reasoned that if the district court had not ordered the defendant there returned to FMC Butner, "no opportunity for such a determination would have existed," and "[a] contrary ruling would thwart the director's ability to consider whether to issue a dangerousness certificate, despite ample evidence that [the defendant] may pose a danger to others if released." But in Godinez-Ortiz, the defendant had left FMC Butner only temporarily for a hearing in the district court on whether he could be involuntarily medicated to restore competency, had not been discharged from FMC Butner pursuant to § 4241(e), and was arguably still in the custody of the Attorney General for hospitalization. Id. at 1025, 1031. The district court said no to involuntary medication, found that he was unlikely to regain competency in the foreseeable future, and sent him back to FMC Butner for the dangerousness evaluation. Id. at 1025-26. Furthermore, in Godinez-Ortiz, the government moved to dismiss all charges without prejudice, simultaneously requesting a stay of the dismissal while the evaluation went forward, id. at 1026, thereby also satisfying the third condition that all charges be dismissed.

5

*before* the certificate of dangerousness can issue because, once the charges are dismissed, the court has no more authority over the defendant and cannot then send the defendant to a Bureau of Prisons ("BOP") medical facility for evaluation. Language from a decision in the Fourth Circuit Court of Appeals provides some support for the government's position.[5] In United States v. Copley, 935 F.2d 669, 670-71 (4th Cir. 1991), the warden at FMC Butner issued a dangerousness certificate *before* charges were dismissed. (From all that the opinion reveals, the warden did so sua sponte while the defendant was being evaluated for his mental status at the time of the alleged crime.) Id. Only then, after the warden's certificate, did the government dismiss the charges, albeit before the dangerousness hearing itself that resulted in the defendant's civil commitment. Id. at 672. The Fourth Circuit rejected the defendant's argument that, "because the pending charges were not dismissed before the Certificate of Mental Disease or Defect and Dangerousness was filed," id. at 671, the Eastern District of North Carolina (where FMC Butner is located) could not proceed to commit him under § 4246. The Fourth Circuit found that the defendant's interpretation of § 4246—that it "requir[ed] that all pending charges against a defendant be dropped before the Certificate of Mental Disease or Defect and Dangerousness can be filed"—was "administratively unrealistic." Id. at 672 & n.5. Instead, the Fourth Circuit

---

[5] There is no First Circuit precedent. If Hardy returns to FMC Butner and if the warden issues a dangerousness certificate, it is Fourth Circuit precedent that will govern any civil commitment proceeding thereafter, because FMC Butner is located in the Eastern District of North Carolina, within the Fourth Circuit, and the statute directs that the certificate be filed and the hearing held in the district where the defendant is confined for BOP hospitalization. 18 U.S.C. § 4246(a).

focused on whether all the statutory conditions had been satisfied by the time *the court* ordered civil commitment. Id. at 672. But in Copley, unlike here, a district judge was not requested to order a competent defendant returned to a BOP medical facility solely for a dangerousness evaluation; instead, FMC Butner already had custody of the defendant for an evaluation of his competency to stand trial and his mental status at the time of the alleged offense (a § 4242 evaluation) and simply issued the dangerousness certificate on its own, see id. at 670, something that it failed to do when Hardy was at FMC Butner for his second evaluation for competency to stand trial and his § 4242 evaluation.

I conclude that under § 4246, a prosecutor's statement that, for reasons related solely to the defendant's mental condition, he is "considering" dismissing charges is not alone enough to give a district judge the authority to order a defendant to a BOP hospital facility for a dangerousness evaluation in the circumstances before me now, where I have found the defendant competent and he is otherwise on track for trial. The government has an alternative. It can move to dismiss the charges without prejudice, renew its motion for a dangerousness evaluation, and ask me, if I grant the dismissal, to stay the order once it is entered, pending the dangerousness evaluation. That precise procedure was used in Godinez-Ortiz, and approved. United States v. Godinez-Ortiz, 563 F.3d 1022, 1026, 1031-32 (9th Cir. 2009). It respects both the statutory language ("all criminal charges have been dismissed") and the centrality of the medical facility director's (the warden's) dangerousness

evaluation under the statute and its legislative history;[6] it also furnishes assurance that the government has committed itself in at least one eventuality to dismissal,[7] so that the referral is not an empty exercise, and not an unnecessary delay in the defendant's progress to trial.

Accordingly, the government's motion is **DENIED** without prejudice to its renewal if the government moves to dismiss the charges as occurred in Godinez-Ortiz, 563 F.3d at 1026. In the meantime, the Clerk shall schedule oral argument on the defendant's motion to suppress.

**SO ORDERED.**

**DATED THIS 17TH DAY OF MARCH, 2011**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[6] See supra note 2.
[7] If the certificate of dangerousness issues, the charges would remain dismissed.